1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

IN RE ALIGN TECHNOLOGY, INC.
DERIVATIVE LITIGATION

13

14

15

16

17

Case No. 19-CV-00202-LHK

**ORDER STAYING CASE**

Re: Dkt. No. 30

18

On February 26, 2019, the Court entered an Order consolidating three actions for all

19

purposes under the instant case No. 5:19-CV-00202-LHK (the "Derivative Litigation"). ECF No.

20

29. The Court directed the parties to explain why the Derivative Litigation should not be stayed

21

pending the resolution of the securities class action (No. 5:13-CV-6720-LHK and 3:18-CV-7469-

22

LHK) (the "Securities Litigation"). *See id.*

23

On March 28, 2019, the parties filed a joint report regarding a stay of the Derivative

24

Litigation. ECF No. 30. Both parties agree to a stay of the instant Derivative Litigation; however,

25

the parties dispute the duration and terms of the stay. *See id.* In particular, Plaintiffs argue that the

26

stay should only be in place pending any motion to dismiss ruling in the Securities Litigation. *Id.*

27

at 1–2. Plaintiffs also request that: (1) Plaintiffs be given any written discovery produced in the

28

1

1   Securities Litigation; and that (2) Plaintiffs be invited to participate in any mediation intended to

2   resolve the Securities Litigation during the pendency of the stay. *Id.* at 1. Plaintiffs argue that

3   "[w]ithout such terms, Plaintiffs will be unduly prejudiced." *Id.* Defendants, by contrast, argue

4   that the Derivative Litigation should be stayed until the entry of a final judgment in the Securities

5   Litigation. *Id.* at 4–6.

6          The Court hereby STAYS the instant Derivative Litigation pending resolution of the

7   related Securities Litigation. *See, e.g.*, *In re RH Shareholder Derivative Litigation*, No. 18-cv-

8   2452-YGR, 2019 WL 580668, at *3 (N.D. Cal. Jan. 23, 2019) (finding that a derivative action

9   warrants a stay when "the securities class action has not yet been resolved" and plaintiffs in the

10  derivative action seek relief contingent upon resolution thereof). The Court finds that Plaintiffs

11  will not be prejudiced by a stay for the duration of the Securities Litigation. *See id.* (finding a stay

12  poses minimal risk of damage to plaintiffs in derivative action because the securities action

13  overlaps and because the parties in the securities action must preserve all evidence). Moreover,

14  Defendants would experience hardship if the Court were to decline to stay the Derivative

15  Litigation pending the Securities Litigation because proceeding with the Derivative Litigation

16  would divert litigation resources away from Defendants' defense of the Securities Litigation. *See*

17  *id.* at *4 ("The concerns of hardship and equity to the moving party are especially relevant in

18  shareholder derivative cases when a securities class action suit is proceeding on the same issues."

19  (citation omitted)). Finally, given the significant overlap between the Derivative Litigation and the

20  Securities Litigation, the Court finds that issuing a stay in the instant Derivative Litigation will

21  simplify "issues, proof, and questions of law" and will therefore help preserve judicial resources

22  and promote the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.

23  2005).

24         The Court denies Plaintiffs' request for discovery and an invitation to participate in any

25  Securities Litigation mediation during the pendency of the stay. Plaintiffs may make such requests

26  to the parties in the Securities Litigation.

27         The Clerk shall close the file. This is an administrative procedure that does not affect the

28

2

United States District Court
Northern District of California

1   rights of the parties. The parties shall file a joint status update within 7 days of resolution of the

2   Securities Litigation.

3   **IT IS SO ORDERED.**

4

5   Dated: April 10, 2019

6

7                                                    *Lucy H. Koh*
                                                     _____
                                                     LUCY H. KOH

8                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 19-CV-00202-LHK
ORDER STAYING CASE